# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JUSTIN COLLINS, #M12825, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 19-CV-00462−NJR |
| BIG MUDDY RIVER CORRECTIONAL CENTER, | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Justin Collins, an inmate of the Illinois Department of Corrections currently incarcerated at Shawnee Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff alleges he was assaulted by inmates on two occasions in November 2018 when he was incarcerated at Big Muddy River Correctional Center ("Big Muddy"). (Doc. 1, p. 6). He asserts a failure to protect claim under the Eighth Amendment and seeks monetary damages. (Doc. 1, pp. 6-7).

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## The Complaint

In the Complaint, Plaintiff makes the following allegations: On November 25, 2018, he was involved in a physical altercation with another inmate regarding the use of an institutional telephone. (Doc. 1, p. 6). There were no correctional officers present. *Id.* On November 28, 2018, he was assaulted

by an inmate who brutally struck him several times in the head with a fan motor concealed in a sock. *Id*. Prison staff failed to protect him while he was on the telephone and failed to eliminate the threat of imminent danger from the first assault, which resulted in the second assault. *Id*.

Based on the allegations in the Complaint, the Court finds it convenient to designate a single count:

> **Count 1:** Eighth Amendment claim against Big Muddy for failing to protect Plaintiff from inmate assaults on November 25 and 28, 2018.

The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation does not constitute an opinion regarding its merit. Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.[1]

## Discussion

To state an Eighth Amendment failure to protect claim, a prisoner must allege that (1) "he is incarcerated under conditions posing a substantial risk of serious harm," and (2) defendant(s) "acted with deliberate indifference to that risk." *Brown v. Budz*, 398 F.3d 904, 909 (7th Cir. 2005). A plaintiff also must prove that prison officials were aware of a specific, impending, and substantial threat to his safety, often by showing that he complained to prison officials about a *specific* threat to his safety. *Pope v. Shafer*, 86 F.3d 90, 92 (7th Cir. 1996).

Section 1983 liability is based on an individual's personal participation or involvement in a deprivation of a constitutional right. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001). Plaintiff does not make any factual allegations against any individual identified as a defendant. Instead, he names only Big Muddy as a defendant. Big Muddy is a division of the Illinois Department of Corrections, which is a state government agency, and is not subject to suit under Section 1983. *Will v.*

---

[1] An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

*Mich. Dep't of State Police*, 491 U.S. 58, 66-71 (1989); *Billman v. Ind. Dep't of Corr.*, 56 F.3d 785, 788 (7th Cir. 1995) (state Department of Corrections is immune from suit by virtue of Eleventh Amendment). To proceed on his claim, Plaintiff must make plausible allegations against individuals, which he has not done. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Twombly*, 550 U.S. at 555. Accordingly, Count 1 will be dismissed without prejudice.

If Plaintiff wants to pursue his claim, he must file an amended complaint. A successful complaint generally alleges "the who, what, when, where, and how ...." *DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990). The amended complaint should identify who violated Plaintiff's constitutional rights by name, if known, and should include a description of how Plaintiff's rights were violated. If Plaintiff does not know the names of these individuals, he can refer to them by Doe designation but must identify the action(s) or inaction(s) of each Doe defendant.

## Disposition

**IT IS HEREBY ORDERED** that Count 1 is **DISMISSED without prejudice**. **IT IS FURTHER ORDERED** that and Big Muddy River Correctional Center is **DISMISSED with prejudice** from the action.

Plaintiff is **GRANTED** leave to file a "First Amended Complaint" on or before **June 10, 2019**. Should Plaintiff fail to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claim. FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2).

Should Plaintiff decide to file a First Amended Complaint, it is strongly recommended that he use the civil rights complaint form designed for use in this District for such actions. He should label the form "First Amended Complaint," and state the case number, 19-cv-00462-NJR. To enable Plaintiff to comply with this Order, the Clerk of Court is **DIRECTED** to mail Plaintiff a blank civil rights

complaint form.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The First Amended Complaint must stand on its own without reference to any previous pleading. The First Amended Complaint is subject to review under Section 1915A.

Plaintiff is further **ADVISED** that the obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether Plaintiff files a First Amended Complaint. 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  May 10, 2019**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**