# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JUSTIN COLLINS, #M12825, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 19-CV-00462−NJR |
| ) | |
| C/O JOHN DOE #1, ) | |
| C/O JOHN DOE #2, ) | |
| C/O JOHN DOE #3, and ) | |
| WARDEN OF BIG MUDDY RIVER ) | |
| CORRECTIONAL CENTER, ) | |
| ) | |
| Defendants. ) | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Justin Collins brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff alleges he was assaulted by another inmate on two occasions in November 2018 when he was an inmate of the Illinois Department of Corrections ("IDOC") incarcerated at Big Muddy River Correctional Center.[1] (Doc. 9, p. 6). He asserts claims under the Eighth and Fourteenth Amendments and seeks monetary damages. (Doc. 9, pp. 6-7).

Following 28 U.S.C. § 1915A review, Plaintiff's Complaint was dismissed without prejudice, and he was granted leave to file an Amended Complaint (Doc. 7), which he has done (Doc. 9). This case is now before the Court for preliminary review of the Amended Complaint pursuant to Section 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must

---

[1] Plaintiff was incarcerated at the time of filing but has notified the Court he has been paroled.

be dismissed. 28 U.S.C. § 1915A(b).

## The Amended Complaint

In the Amended Complaint, Plaintiff makes the following allegations: On November 25, 2018, Plaintiff was involved in a verbal altercation that escalated into a physical altercation. (Doc. 9, p. 6). Plaintiff later learned that correctional officers John Doe #1, John Doe #2, and John Doe #3 witnessed the altercation. *Id*. Pursuant to IDOC rules and regulations, the inmates involved in the altercation should have been handcuffed and escorted to segregation to await punishment. *Id.* The correctional officers who witnessed the altercation took no action. *Id.* On November 28, 2018, Plaintiff was assaulted by the same inmate who struck him several times in the head with a fan motor concealed in a sock. *Id*. The same correctional officers witnessed the altercation and intervened because a weapon was involved. *Id.*

Based on the allegations in the Amended Complaint, the Court finds it convenient to designate the following counts:

> **Count 1:** **Eighth Amendment claim against Defendants for failing to intervene and/or protect Plaintiff during an inmate assault on November 25, 2018.**
>
> **Count 2:** **Eighth Amendment claim against Defendants for failing to protect Plaintiff from an inmate assault on November 28, 2018.**
>
> **Count 3:** **Fourteenth Amendment claim for failure to follow IDOC rules and regulations following the first altercation which required the inmates involved to be handcuffed and escorted to segregation to await punishment, which would have prevented the subsequent assault.**

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designations do not constitute an opinion regarding their merit. Any other claim that is mentioned in the Amended Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled

under the *Twombly* pleading standard. ²

**<u>Discussion</u>**

*Counts 1 and 2*

Prison officials owe inmates a duty to protect them from violence at the hands of other inmates. *Farmer v. Brennan*, 511 U.S. 825, 833 (1994); *Guzman v. Sheahan*, 495 F.3d 852, 856–57 (7th Cir. 2007). To state an Eighth Amendment failure to protect claim, a prisoner must allege that (1) "he is incarcerated under conditions posing a substantial risk of serious harm," and (2) defendant(s) "acted with deliberate indifference to that risk." *Brown v. Budz*, 398 F.3d 904, 909 (7th Cir. 2005). A plaintiff also must prove that prison officials were aware of a specific, impending, and substantial threat to his safety. *Pope v. Shafer*, 86 F.3d 90, 92 (7th Cir. 1996).

For screening purposes, the allegations are sufficient to allow Counts 1 and 2 to proceed against Defendants. They witnessed the altercation on November 25, 2018 taking place and did nothing to intervene. They took no action after the altercation, and Plaintiff was assaulted by the same individual on November 28, 2018. Defendants knew that both inmates were housed in "Three house." The claims against Defendants will proceed against them in their individual capacity, but the official capacity claims will be dismissed without prejudice. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) (an individual in his official capacity is not a person for purposes of section 1983).

*Count 3*

Plaintiff alleges that IDOC rules and regulations required the inmates involved in the altercation to be handcuffed and escorted to segregation to await punishment and that would have prevented the subsequent assault. He argues that the "[f]ailure to follow those rules . . . violates

---

² An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

this plaintiff's due process rights and allowing the plaintiff to get assaulted which led to him getting hit with a fan motor violates his equal protection." (Doc. 9, p. 7). Standing alone, the violation of a prison rule or regulation does not give rise to a constitutional claim. *See Whitman v. Nesic*, 368 F.3d 931, 935 n. 1 (7th Cir. 2004); *Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003) (Section 1983 provides a remedy for constitutional violations, not violations of state statutes and regulations). Noncompliance with prison regulations will rise to a due process violation only where those rules and regulations have created a liberty interest. A liberty interest is created where prison regulations act to protect prisoners from an "atypical or significant hardship . . . in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). In this context, the failure to follow IDOC rules and regulations regarding an inmate altercation does not implicate a due process violation of a liberty interest.

Plaintiff's allegations of a right to safety and security and that Defendants allowed a harm to be inflicted in violation of his due process rights could be construed as an attempt to raise a substantive due process right of bodily integrity. To state a claim for a violation of substantive due process, however, a plaintiff must allege conduct that shocks the conscience. *See County of Sacramento v. Lewis,* 523 U.S. 833, 846–47 (1998) (citing *Rochin v. California,* 342 U.S. 165, 172–73, 72 S.Ct. 205, 96 L.Ed. 183 (1952)); *Christensen v. Boone County, Ill.,* 483 F.3d 454, 462 & n. 2 (7th Cir.2007). The allegations here fall short of that requirement.

Finally, it appears Plaintiff may be attempting to state an equal protection claim. A "prison administrative decision may give rise to an equal protection claim only if the plaintiff can establish that 'state officials had purposefully and intentionally discriminated against him.'" *Meriwether v. Faulkner*, 821 F.2d 408, 415 n.7 (7th Cir.), *cert. denied*, 484 U.S. 935 (1987) (citing *Shango v. Jurich*, 681 F.2d 1091, 1104 (7th Cir. 1982)). Plaintiff alleged that "[f]ailure to follow those rules

. . . violates this plaintiff's due process rights and allowing the plaintiff to get assaulted which led to him getting hit with a fan motor violates his equal protection." (Doc. 9, p. 7). Plaintiff's vague and conclusory statement as to an equal protection violation is insufficient to state a claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) ("courts should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements").

Plaintiff's allegations set forth only a violation of an administrative rule or regulation and not a constitutional violation. A federal court does not enforce state law and regulations. *Archie v. City of Racine*, 847 F.2d 1211, 1217 (7th Cir. 1988) (en banc), *cert. denied,* 489 U.S. 1065 (1989); *Pasiewicz v. Lake Cnty. Forest Preserve Dist.*, 270 F.3d 520, 526 (7th Cir. 2001).

For these reasons, Count 3 will be dismissed without prejudice.

### Identification of Unknown/Doe Defendants

The unknown Defendants must be identified with particularity before service of the Amended Complaint on them. The Warden of Big Muddy River Correctional Center will be added as a defendant, in his or her official capacity only, for purposes of responding to discovery aimed at identifying the unknown defendants. *See Rodriguez v. Plymouth Ambulance Serv*., 577 F.3d 816, 832 (7th Cir. 2009); FED. R. CIV. P. 21. Guidelines for discovery will be set by the Court. Once the names of the unknown defendants are discovered, Plaintiff shall file a motion to substitute the newly identified defendants in place of the generic designations in the case caption and throughout the Amended Complaint.

### Disposition

**IT IS ORDERED** that **COUNTS 1** and **2** will proceed against **C/O JOHN DOE #1, C/O JOHN DOE #2,** and **C/O JOHN DOE #3** ("Doe Defendants").

**IT IS ORDERED** that **COUNT 3** is dismissed without prejudice for failure to state a

claim.

The Clerk of Court is **DIRECTED** to **ADD** as a Defendant the **WARDEN OF BIG MUDDY RIVER CORRECTIONAL CENTER**, in his or her official capacity only, to the docket for purposes of responding to discovery aimed at identifying the Doe Defendants.

The Clerk of Court shall prepare for **WARDEN OF BIG MUDDY RIVER CORRECTIONAL CENTER**, official capacity only, and, once identified, for **C/O JOHN DOE #1, C/O JOHN DOE #2,** and **C/O JOHN DOE #3**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Amended Complaint, and this Memorandum and Order to each defendant's place of employment as identified by Plaintiff. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

Service shall not be made on the Doe Defendants until such time as Plaintiff has identified them by name in a properly filed motion for substitution of party. Plaintiff is **ADVISED** that it is his responsibility to provide the Court with the name and service address for these individuals.

If a defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, the defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

**IT IS ORDERED** that, following identification and substitution, the Doe Defendants shall

timely file an appropriate responsive pleading to the Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, the Doe Defendants need only respond to the issues stated in this Merit Review Order.** As the Warden of Big Muddy River Correctional Center is in the case solely for discovery purposes, the Warden need not respond to the Amended Complaint. The Warden only needs to enter his or her appearance and will receive further instruction on discovery at a later date.

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS FURTHER ORDERED** that this entire matter shall be **REFERRED** to a United States Magistrate Judge pursuant to Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

**IT IS SO ORDERED.**

**DATED: July 1, 2019**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

## Notice to Plaintiff

The Court will take the necessary steps to notify Defendant Warden of Big Muddy River Correctional Center of your lawsuit and serve that Defendant with a copy of your Amended Complaint. After service has been achieved, the Defendant will enter an appearance and the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the Defendant before filing any motions, to give the Defendant notice and an opportunity to respond to those motions. Motions filed before Defendant's counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**