# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JUSTIN COLLINS, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 19-cv-00462-NJR |
| JOHN DOE, *et al.*, | ) ) ) |
| Defendants. | ) |

## ORDER DISMISSING CASE

**ROSENSTENGEL, Chief Judge:**

Plaintiff Justin Collins filed this action pursuant to 42 U.S.C. § 1983 for constitutional deprivations that allegedly occurred when he was an inmate of the Illinois Department of Corrections incarcerated at Big Muddy River Correctional Center. On June 27, 2019, Collins notified the Court of a change of address and that he no longer was incarcerated. (Doc. 10). The address he provided was: 4550 South Calmet Ave., Chicago Illinois, 60653. Since then, all of the mail sent to Collins at this address from this Court has been returned undeliverable, marked with "address not known." (Docs. 15, 16, 18, 21).

On October 30, 2019, the Court issued an order informing Collins that he had previously been advised of his continuing obligation to keep the Court informed of any change in his address and that failure to comply could result in dismissal of this action. (Doc. 20). Collins was ordered to show cause on or before November 14, 2019, why this case should not be dismissed for failure to comply with orders of the Court and to prosecute his claims. That order also was returned as undeliverable. (Doc. 21). Collins did not file anything with the Court by the deadline, and he has not participated in this action since filing his Notice of Change of Address on June 27, 2019. (Doc. 10).

The Court will not allow this matter to linger indefinitely. Accordingly, this action is **DISMISSED** without prejudice for failure to comply with three court orders (Docs. 3, 7, and 20) and for failure to prosecute. *See* FED. R. CIV. P. 41(b). The dismissal does not count as one of Collins's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g).

Collins is **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed. Therefore, the filing fee of $350.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998).

If Collins wishes to appeal this Order, he must file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). If Collins does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger,* 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza,* 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467. He must list each of the issues he intends to appeal in the notice of appeal. *See* FED. R. APP. P. 24(a)(1)(C). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED**.

**DATED: 12/9/2019**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**